Jonathan P. LaCour, Esq. (SBN: 285098)
Lisa Noveck, Esq. (SBN: 316660)
Jameson Evans, Esq. (SBN: 340954)
Amanda M. Thompson, Esq. (SBN: 347005)
**EMPLOYEES FIRST LABOR LAW P.C.**
1 S. Fair Oaks Ave., Suite 200
Pasadena, California 91105
Telephone:   (310) 853-3461
Facsimile:   (949) 743-5442
Email:       jonathanl@pierrelacour.com
             lisan@pierrelacour.com
             jamesone@pierrelacour.com
             amandat@pierrelacour.com

Attorneys for Plaintiff, JACQUELINE ACOSTA
on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE ACOSTA, an individual, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NAS INSURANCE SERVICES, LLC dba TOKIO MARINE HCC SURETY GROUP, a California Corporation, HCC SERVICE COMPANY, INC., a Delaware Corporation, and DOES 1 through 20, inclusive, | Case No. :25-cv-04171-JLS-MAAx <br><br> **SECOND AMENDED CLASS ACTION COMPLAINT FOR:** <br><br> 1. **FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF LABOR CODE §§ 1194, 1194.2, 1197, WAGE ORDER NO. 5 OF THE IWC;** <br> 2. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS (LABOR CODE §§ 226 AND 226.3);** <br> 3. **FAILURE TO MAINTAIN PAYROLL RECORDS (LABOR CODE §§ 1174 AND 1174.5);** <br> 4. **FAILURE TO PROVIDE MEAL AND REST PERIOD COMPENSATION (LABOR CODE § 226.7);** <br> 5. **FAILURE TO PAY OVERTIME COMPENSATION (LABOR CODE §§ 512, 1194):** |

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

6. **FAILURE TO PAY WAGES IN A TIMELY MANNER (<u>LABOR CODE</u> § 204);**
7. **WAITING TIME PENALTIES (<u>LABOR CODE</u> §§ 201, 202, AND 203);**
8. **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*;**
9. **RECOVERY FOR CIVIL PENALTIES, PRIVATE ATTORNEY GENERAL ACT (LABOR CODE §§ 2698, 2699 ET SEQ.); AND**
10. **FAILURE TO INDEMNIFY/ REIMBURSE NECESSARY EXPENDITURES INCURRED DURING DISCHARGE OF WORK DUTIES (LABOR CODE § 2802)**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

**SECOND AMENDED COMPLAINT - CLASS ACTION**
[*Acosta v. NAS Insurance Services, LLC, et al.*]

**EMPLOYEES FIRST LABOR LAW**
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EMPLOYEES FIRST LABOR LAW**
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

## <u>TABLE OF CONTENTS</u>

**COMPLAINT**………………………………………………………1

**JURISDICTION AND VENUE** …………………………..…………...1

**THE PARTIES**…………………………………………………...........2

    Plaintiffs …………………………………………………… 2

    Defendants ……………………………………………………3

**ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**…….…...5

**FACTUAL ALLEGATIONS** ……………………………………….....7

    Class Claims ………………………………………………7

    Aggrieved Employee Allegations ……………………………10

**CLASS ALLEGATIONS**…………………………………………11

    Definition of the CLASS ………………………………...11

    Class Action Requisites ………………………………………..13

**CAUSES OF ACTION**…………………………………………13

FIRST CAUSE OF ACTION (Failure to Pay Minimum Wage)...........................15

SECOND CAUSE OF ACTION (Wage & Hour Statements)………………....16

THIRD CAUSE OF ACTION (Failure to Maintain Payroll Records) ………........17

FOURTH CAUSE OF ACTION (Meal Periods & Rest Breaks)………………....17

FIFTH CAUSE OF ACTION (Failure to Pay Overtime)………………………..19

SIXTH CAUSE OF ACTION (Failure to Pay Wages Timely)………………….19

SEVENTH CAUSE OF ACTION (Waiting Time Penalties) ………..................20

EIGHTH CAUSE OF ACTION (Violation of BPC §17200) ………………....20

-1-

**SECOND AMENDED COMPLAINT - CLASS ACTION**
*[Acosta v. NAS Insurance Services, LLC, et al.]*

NINTH CAUSE OF ACTION (PAGA Claims)……….……………………....22

TENTH CAUSE OF ACTION (Failure to Indemnify)……………………..24

**PRAYER FOR RELIEF**………………………………………………….26

**DEMAND FOR JURY TRIAL**……………………………………….27

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

**SECOND AMENDED COMPLAINT - CLASS ACTION**
[*Acosta v. NAS Insurance Services, LLC, et al.*]

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

# COMPLAINT

1.      Plaintiff JACQUELINE ACOSTA, on behalf of all other persons similarly situated (collectively "Plaintiffs") file this Class Action Complaint against NAS INSURANCE SERVICES, LLC dba TOKIO MARINE HCC SURETY GROUP, a California corporation, HCC SERVICE COMPANY, INC., a Delaware Corporation, and DOES 1 through 20, inclusive, (collectively "Defendants") and in support thereof alleges as follows:

## SUMMARY OF COMPLAINT

2.      Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, NAS INSURANCE SERVICES, LLC, owned and operated a corporation and availed itself of the rights and privileges of the State of California.

3.      Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, HCC SERVICE COMPANY, INC., owned and operated a corporation and availed itself of the rights and privileges of the State of California.

4.      Plaintiffs allege a representative wage and hour complaint against Defendants.

5.      In actuality, Plaintiffs were forced to work overtime hours without adequate compensation. Plaintiffs were also deprived of timely meal and rest breaks. In essence, Defendants used inaccurate timesheets to circumvent California's Labor Code and secure more labor for less cost, at the expense of their employees such as Plaintiff.

## JURISDICTION AND VENUE

6.      Jurisdiction.  This case was originally filed by Plaintiff in the Los Angeles Superior Cout, where jurisdiction was appropriate under Code of Civil Procedure section 410.10.  The action was subsequently removed to federal court by Defendant HCC SERVICE COMPANY, INC. pursuant to 28 U.S.C. § 1332, 1441, 1446, and 1453 (CAFA).

7.      This action is brought pursuant to Code of Civil Procedure section 382,

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE. SUITE 200
PASADENA, CALIFORNIA 91105

Civil Code section 1781, et seq., and Business and Professions Code § 17200 et seq. Further, the acts and omissions complained of occurred at the workplace owned and operated by Defendants. This Court is the proper court, and this action was properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain an office and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiffs in Los Angeles County. Plaintiffs are citizens of California. Defendants, from whom significant relief is sought and whose conduct forms the basis for this suit, operate their business throughout this state and from within the County of Los Angeles. Plaintiffs, through this Complaint, seek to redress injuries and violations of California law.

8.    Venue.    Venue is proper in Los Angeles County because the acts complained of herein occurred in the County of Los Angeles and a large percentage, if not the majority, of Defendants' operations in this state are within the County of Los Angeles. Defendants own, maintain an office, transact business, have an agent or agents within the County of Los Angeles, or are otherwise found within the County of Los Angeles. Defendants are within the jurisdiction of this Court for purposes of service of process.

## THE PARTIES

### PLAINTIFF JACQUELINE ACOSTA

9.    Plaintiff, JACQUELINE ACOSTA, (hereinafter referred to as "Ms. Acosta" or "Plaintiff") is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

10.    Collectively, Ms. Acosta and all persons similarly situated to Ms. Acosta are referred to herein as "Plaintiffs." Ms. Acosta brings this action on behalf of herself and as a representative of all similarly situated persons pursuant to Cal. Civ. Code section 382. With respect to the Plaintiffs, each plaintiff:

a.  was a resident of the State of California;

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE. SUITE 200
PASADENA, CALIFORNIA 91105

b.  was employed by Defendants as a member of Defendants' CLASS PLAINTIFFS at Defendants' location within the four years preceding August 2024.

c.  was not compensated the minimum wage for all hours worked and was forced to work hours off the clock;

d.  was not provided with accurate itemized wage and hour statements pursuant to applicable Labor Code requirements;

e.  was not provided compliant meal breaks pursuant to applicable Labor Code requirements;

f.  was not provided compliant rest breaks pursuant to applicable Labor Code requirements;

g.  was not compensated all wages earned and owed in a timely manner as required by the Labor Code;

h.  worked more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, but was not paid overtime compensation pursuant to applicable Labor Code requirements; and

i.  was not reimbursed for necessary expenditures incurred during the discharge of work duties.

**DEFENDANT NAS INSURANCE SERVICES, LLC**

10.    Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant NAS INSURANCE SERVICES, LLC dba TOKIO MARINE HCC SURETY GROUP (hereinafter referred to as "NAS") was and is a California corporation doing business at 801 S Figueroa Street., Unit 700, Los Angeles, 90017 in the County of Los Angeles, State of California.

**DEFENDANT HCC SERVICE COMPANY, INC.**

11.    Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant HCC SERVICE COMPANY, INC. (hereinafter referred to as "HCC") was and is a Delaware corporation doing business at 13403

-3-

Northwest Freeway, Houston, 77040 in the County of Harris, State of Texas.

12.    Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendants owned and operated a California corporation, and availed themselves of the rights and privileges of the State of California.

13.    Defendants were Plaintiffs' employer within the meaning of <u>Government Code</u> §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

14.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiffs at this time and therefore said Defendants are sued by such fictitious names. Plaintiffs will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiffs. Plaintiffs are informed and believe, and based thereupon allege, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and are therefore liable to Plaintiffs as alleged hereinafter.

15.    Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

16.    Plaintiffs are informed and believe, and based thereupon allege, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged

herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiffs are further informed and believe, and based thereupon allege, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiffs' harm.

17.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

18.     Plaintiffs are informed and believe, and based thereon allege, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of Defendant has ceased to exist.

19.     Plaintiffs are informed and believe, and based thereon allege, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same as Defendants, including, but not limited to because:

20.     Defendants are completely dominated and controlled by DOES 1-20, who personally committed the frauds and violated the laws as set forth in this Complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

21.     DOES 1-20 derive actual and significant monetary benefits by and through Defendant's unlawful conduct, and by using Defendants as the funding source for their own personal expenditures.

22.     Plaintiffs are informed and believe that Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

-5-

1  some other wrongful or inequitable purpose.

2      23.    Plaintiffs are informed and believe that Defendants do not comply with

3  all requisite corporate formalities to maintain a legal and separate corporate existence.

4      24.    Plaintiffs are informed and believe, and based thereon allege, that the

5  business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so

6  mixed and intermingled that the same cannot reasonably be segregated, and the same

7  are in inextricable confusion.  Defendants are, and at all times relevant hereto was,

8  used by DOES 1-20 as a mere shell and conduit for the conduct of certain of

9  Defendants' affairs, and is, and was, the alter ego of DOES 1-20.  The recognition of

10  the separate existence of Defendants would not promote justice, in that it would permit

11  Defendants to insulate themselves from liability to Plaintiffs for violations of the *Labor*

12  Code and other statutory violations.  The corporate existence of Defendants and DOES

13  1-20 should be disregarded in equity and for the ends of justice because such disregard

14  is necessary to avoid fraud and injustice to Plaintiffs herein.

15      25.    Accordingly, Defendants constitute the alter ego of DOES 1-20, and the

16  fiction of their separate corporate existence must be disregarded.

17      26.    In addition, Plaintiffs are informed and believe, and based thereon allege

18  that Defendants and DOES 1-20 are Plaintiffs' joint employers by virtue of a joint

19  enterprise, and that Plaintiffs were employees of each of them.  Plaintiffs performed

20  services for each and every one of Defendants, and to the mutual benefit of all

21  Defendants, and all Defendants shared control of Plaintiffs as employees, either

22  directly or indirectly, and the manner in which Defendants' business was and is

23  conducted.

24      27.    In addition, Plaintiffs are informed and believe and, based thereupon

25  allege, that as and between DOES 1-20 and Defendants: (1) there is an express or

26  implied agreement of assumption pursuant to which DOES 1-20 agreed to be liable for

27  the debts of Defendants, (2) the transaction between DOES 1-20 and Defendants

28  amounts to a consolidation or merger of the two corporations, (3) DOES 1-20 is a mere

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

-6-

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

continuation of Defendants, or (4) the transfer of assets to DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, DOES 1-20 are the successors of Defendants, and are liable on that basis.

## FACTUAL ALLEGATIONS

### A. Class Claims

28.    Defendants owned and/or operated an insurance business in Los Angeles County. Plaintiffs were employed by Defendants as accountants, auditors, sales managers, tax professionals, underwriters, IT security members, senior staff accountants, sales support representatives, human resources representatives, payroll specialists, IT, technical support, marketing/advertising/media, other non-exempt employees or misclassified exempt employees and NAS and/or HCC representatives within the headquarters and regional locations of Defendants.

29.    Plaintiffs have worked for Defendants as Non-Exempt or Misclassified Exempt Employees at Defendants within the four years preceding the date of this complaint, bring this class action to recover wages, damages, penalties, attorneys' fees, litigation expenses, and costs of court under the provisions of the *Labor Code* sections 201, 202, 203, 204, 210, 221, 226, 226.3, 226.7, 226.8, 227.3, 510, 512, 515, 558, 558.1, 1102.5, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2800, 2802, provisions of the Industrial Welfare Commission ("IWC") Order No. 5-2001, and the *California Business and Professional Code* section 17200 et seq.

30.    Within the time period of four years preceding the date of this complaint ("Relevant Time Period"), Plaintiffs were not provided compliant meal and rest breaks as statutorily mandated, were forced to work through statutorily mandated meal and rest breaks without pay, were not paid legally mandated minimum, overtime and waiting time wages, did not receive accurate itemized wage statements, were not paid all wages earned and owed in a timely manner, and were, in some cases, wrongfully terminated.

31.    During the Relevant Time Period, Plaintiffs are and/or have been non-

exempt employees within the meaning of the *Labor Code*, and the implementing regulations of the IWC Wage Orders.

32.    Defendants are or were the employer of all Plaintiffs during the Relevant Time Period.  Defendants "employ(ed)" all Plaintiffs pursuant to the definition of "employ" within IWC Wage Order 5.

33.    During the Relevant Time Period, Defendants exercised control over the wages, hours, and working conditions of Plaintiffs; suffered or permitted Plaintiffs to work and created a common law employment relationship with Plaintiffs.

34.    Plaintiffs performed non-exempt duties for Defendants.

35.    Plaintiffs paid for several items necessarily required for performing their job duties; however, Defendants failed to reimburse Plaintiffs for necessary business expenses incurred during the discharge of work duties.

36.    During the Relevant Time Period, Defendants failed and refused to pay Plaintiffs the total amount of wages that Plaintiffs, through their employment and labor, earned working for Defendants. Defendants' timekeeping policies and/or practices resulted in Plaintiffs not being compensated for all hours actually worked. During Plaintiffs' employment with Defendants, Defendants' policies/practices were to only compensate Plaintiffs' regular hourly wages during shifts exceeding eight (8) hours.

37.    For the entirety of Plaintiffs' employment with Defendants, Defendants consistently failed to provide Plaintiffs with timely, accurate, and itemized wage and hour statements, in writing, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked by them at each hourly rate in and among other information, as required by California wage-and-hour laws.

38.    For the entirety of Plaintiffs' employment, Defendants' meal period policies/practices failed to provide Plaintiffs with all legally compliant meal periods because Defendants failed to provide Plaintiffs with timely, duty-free, and

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

-8-

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE. SUITE 200
PASADENA, CALIFORNIA 91105

uninterrupted 30-minute meal periods commencing before the end of the fifth hour of work.

39.     For the entirety of Plaintiffs' employment, Plaintiffs were not authorized and permitted to take all required and legally-compliant rest periods due to Defendants' rest period policies/practices, which failed to authorize and permit a net 10-minute off-duty rest period for every four hours worked. On those occasions when Plaintiffs were not authorized and permitted to take all legally-required and compliant rest periods to which they were entitled, Defendants further failed to compensate Plaintiffs with the required rest period premium for each workday in which they were experienced a rest period violation as mandated by Labor Code § 226.7.

40.     Further, Defendants have failed to pay all earned wages owed to Plaintiffs for the noncompliant and/or missed meal and rest periods under *Labor Code* section 226.7(b) and Wage Order 5. Plaintiffs were and are entitled to an hour of pay at their regular rate for each day with a meal period violation and an additional hour of pay for each day with a rest period violation. Plaintiffs have not received that payment.

41.     For the entirety of Plaintiffs' employment with Defendants, Defendants routinely required Plaintiffs to work more than eight hours per day and 40 hours per week. Plaintiffs did not receive accurate compensation for straight, regular time pay, and overtime pay.

42.     For the entirety of Plaintiffs' employment with Defendants, Defendants failed to maintain complete and accurate payroll records showing Plaintiffs' daily hours worked or wages earned.

43.     Defendants failed to pay all wages due and owed to Plaintiffs at the time of their termination or within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws in violation of *Labor Code* sections 201-203. Plaintiffs who are no longer employed by Defendants are entitled to penalties pursuant to *Labor Code* section 203, in the amount of each person's daily wage multiplied by the number of days since the termination, up to thirty days.

44.     As set forth above, and throughout this Complaint, Defendants engaged

-9-

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE. SUITE 200
PASADENA, CALIFORNIA 91105

in various acts of unfair competition and unlawful and unfair business practices as defined in the *Unfair Competition Law* embodied in *Business and Professions Code* section 17200, *et seq*.

45.    Plaintiffs paid for several items necessarily required for performing their job duties, including, but not limited to, gas for work-related vehicles. Defendants failed to reimburse Plaintiffs for necessary business expenses incurred during the discharge of work duties.

46.    Pursuant to the *Labor Code*, California law and applicable Wage Orders, Plaintiffs are entitled to all unpaid wages, damages, penalties, interest and attorney's fees and costs for the illegal and wrongful acts and omissions of Defendants, all as alleged throughout this Complaint.

**B. Aggrieved Employee Allegations**

47.    For the entirety of Plaintiff's employment with Defendants, Defendants failed and refused to pay Plaintiff and Aggrieved Employees the total amount of wages that Plaintiff and Aggrieved Employees, through their employment and labor had earned working for Defendants. Plaintiff and Aggrieved Employees were deprived of overtime and minimum wages by Defendants.

48.    For the entirety of Plaintiff's employment with Defendants, Defendants had consistently failed to provide Plaintiff and Aggrieved Employees with timely, accurate, and itemized wage and hour statements, in writing, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked by them at each hourly rate in and among other information, as required by California wage-and-hour laws. Similarly, Defendants had failed to maintain accurate payroll records for Plaintiff and Aggrieved Employees.

49.    For the entirety of Plaintiff's employment with Defendants, Defendants routinely failed to provide Plaintiff and Aggrieved Employees with rest breaks after

-10-

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE. SUITE 200
PASADENA, CALIFORNIA 91105

working the requisite number of hours, and routinely required Plaintiff and Aggrieved Employees to work more than the requisite number of hours without being given at least a 30-minute meal break. Further, Defendants routinely failed to compensate Plaintiff and Aggrieved Employees for these missed rest breaks and meal periods.

50.    For the entirety of Plaintiff's employment with Defendants, Defendants had consistently failed to pay Plaintiff's and Aggrieved Employees' wages on a timely semi-monthly basis, as required by the Labor Code. Additionally, for the entirety of Plaintiff's employment with Defendants, Defendants had consistently failed to pay Plaintiff's and Aggrieved Employees' final paychecks at their respective times of termination or within seventy-two (72) hours of their respective resignations.

51.    For the entirety of Plaintiff's employment with Defendants, Defendants routinely required Plaintiff and Aggrieved Employees to work more than eight (8) hours per day and forty (40) hours per week. Plaintiff and Aggrieved Employees did not receive accurate compensation for straight, regular time pay, and overtime pay.

52.    As set forth above, and throughout this Complaint, Defendants engaged in various acts of unfair competition and unlawful and unfair business practices as defined in the Unfair Competition Law embodied in Business and Professions Code section 17200, et seq.

53.    Pursuant to the Labor Code, California law and applicable Wage Orders, Plaintiff is entitled to all unpaid wages, damages, penalties, interest and attorney's fees and costs for the illegal and wrongful acts and omissions of Defendants, all as alleged throughout this Complaint.

## **CLASS ALLEGATIONS**

**A**. **Definition of the CLASS PLAINTIFFS**

54.    The CLASS consists of: all persons who were employed by Defendants, within the Relevant Time Period as a member of Defendants' CLASS PLAINTIFFS or with any similar title who were non-exempt or misclassified exempt employees and are owed unpaid minimum wages, unpaid overtime wages, penalties for noncompliant

-11-

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE. SUITE 200
PASADENA, CALIFORNIA 91105

and/or missed meal and rest breaks, were provided inaccurate wage statements, and were not timely paid during and/or following their employment with Defendants.

**B. CLASS Definitions**

55.    Ms. Acosta brings this action on behalf of CLASS PLAINTIFFS pursuant to § 382 of the Code of Civil Procedure and *Lab. Code* section 2698 (hereinafter, collectively referred to as "CLASS"):

  a.  The <u>Overtime Class</u> consists of all of Defendants' current and former non-exempt employees in California who worked over 8.0 hours in a workday and/or over 40 hours in a workweek and were subject to Defendants' timekeeping policies/practices, during the Relevant Time Period.

  b.  The <u>Minimum Wage Class</u> consists of all of Defendants' current and former non-exempt employees in California who were subject to Defendants' timekeeping policies/practices, and/or employees forced to work off-the-clock without compensation, during the Relevant Time Period.

  c.  The <u>Meal Period Class</u> consists of all of Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 5.0 hours, during the Relevant Time Period.

  d.  The <u>Rest Period Class</u> consists of all Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 3.5 hours, during the Relevant Time Period.

  e.  The <u>Wage Statement Class</u> consists of all members of the Overtime Class, Double Overtime Class, Minimum Wage Class, Meal Period Class, and/or Rest Period Class who were employed by Defendants during the Relevant Time Period.

  f.  The <u>Waiting Time Class</u> consists of all members of the Overtime Class, Double Overtime Class, Minimum Wage Class, Meal Period

**SECOND AMENDED COMPLAINT - CLASS ACTION**
*[Acosta v. NAS Insurance Services, LLC, et al.]*

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

Class, and/or Rest Period Class, who were employed with Defendants during the Relevant Time Period.

## C. Class Action Requisites

56.    **Numerosity/<u>Ascertainability</u>**.    Plaintiffs bring this action pursuant to *Code of Civil Procedure* section 382 for violations of California's wage and hour laws, on behalf of themselves and all other similarly situated CLASS PLAINTIFFS, who worked for Defendants in the four years preceding this Complaint at Defendants' location in Los Angeles County. Plaintiffs are any current or former CLASS PLAINTIFFS, or current or former employees with any similar title, who were non-exempt or misclassified exempt employees and are owed wages and/or penalties for noncompliant and/or missed meal and rest breaks, unpaid overtime compensation, and/or were provided inaccurate wage statements.

57.    **Predominance of Common Questions.** Predominant common questions of law and fact exist as to Class Members that include, without limitation, the following:

    a. Whether Defendants implemented and engaged in a systematic practice of failing to compensate CLASS PLAINTIFFS for all hours worked, including a practice of forcing Plaintiffs to work off the clock;

    b. Whether Defendants implemented and engaged in a systematic practice whereby they unlawfully failed to provide CLASS PLAINTIFFS with compliant meal periods;

    c. Whether Defendants implemented and engaged in a systematic practice whereby they unlawfully failed to provide CLASS PLAINTIFFS with compliant rest periods;

    d. Whether Defendants implemented and engaged in a systematic practice whereby they unlawfully failed to provide CLASS PLAINTIFFS with overtime compensation for all hours worked over 8 hours in one day or over 40 hours in one week;

**SECOND AMENDED COMPLAINT - CLASS ACTION**
*[Acosta v. NAS Insurance Services, LLC, et al.]*

e. Whether Defendants have willfully failed to pay CLASS PLAINTIFFS at the time of termination of employment all earned wages owed;

f. Whether the systematic acts and practices of Defendants as alleged herein violated applicable provisions of the <u>Labor Code</u>, as well as the applicable Wage Orders;

g. Whether Defendants engaged in unfair business practices in violation of the <u>Business and Professions Code</u>, including <u>Business and Professions Code</u> sections 17200, et seq.

58.    Common questions of law and fact predominate over questions that affect only individual members of the CLASS PLAINTIFFS. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, including but not limited to Defendants' failure to implement lawful meal and rest period policies, failure to provide accurate wage statements and/or failure to pay all final wages. As such, the common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

59.    All Plaintiffs shared common job duties and responsibilities. Thus, all of the plaintiffs' experiences and claims are typical of the experiences and claims of Defendants' other employees who worked at any of Defendants' locations.

60.    The potential members of the CLASS are sufficiently numerous that joinder of all members would be unfeasible and impracticable. The disposition of the claims through this class action will benefit both the parties and the Court. The exact number of members is unknown to Plaintiffs at this time. The number and identity of the proposed CLASS PLAINTIFFS are readily ascertainable through inspection of Defendants' records.

61.    **Adequacy of Representation.**  The claims of Ms. Acosta are typical of

**SECOND AMENDED COMPLAINT - CLASS ACTION**
*[Acosta v. NAS Insurance Services, LLC, et al.]*

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE. SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

the claims of the CLASS PLAINTIFFS because Ms. Acosta was employed by Defendants as a non-exempt employee in California during the Relevant Time Period. Ms. Acosta will fairly and adequately represent and protect the interests of the members of the CLASS. Plaintiffs have retained and are represented by counsel competent and experienced in complex multi-party litigation, including wage and hour class actions.

62. **Manageability**. Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action, and the class action method will confer substantial benefits to Plaintiffs, members of the CLASS and this Court.

63. **Superiority**. The questions of law and fact common to Plaintiffs predominate over questions affecting the individual class members such that the nature of this action and the nature of laws available to Plaintiffs make use of the class action format the superior and appropriate procedure to afford relief for the wrongs alleged.

**FIRST CAUSE OF ACTION
FOR FAILURE TO PAY MINIMUM WAGES IN
VIOLATION OF *LABOR CODE* §§ 1194, 1194.2, 1197,
WAGE ORDER NO. 10 OF THE IWC
BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE
DEFENDANTS**

64. CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

65. Pursuant to *Labor Code* §§ 1194, 1194.2, and 1197, it is unlawful for an employer to suffer or permit a California employee to work without paying wages at the proper minimum wage for all time worked as required by the applicable IWC Wage Order No. 10, codified at California Code of Regulations, title 8, section 11160, subdivision 4.

66. Pursuant to IWC Wage Order No. 10 at all times material hereto, "hours worked" included "the time during which an employee is subject to the control of an

-15-

employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

67.    During the liability period, Plaintiffs suffered, were permitted and were required, to perform work "off-the-clock," for which they received no pay, including work before, during and after their shifts and work during unpaid rest periods.

68.    During the liability period, under the provisions of IWC Wage Order No. 10, Plaintiffs should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

69.    For all time that Plaintiffs worked and received no pay, they are entitled to not less than the California minimum wage and, pursuant to *Labor Code* section 1194.2, subdivision (a), liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to *Labor Code* section 1194, Plaintiffs are also entitled to their attorneys' fees, costs and interest according to proof.

### SECOND CAUSE OF ACTION
### FOR FAILURE TO FURNISH WAGE AND HOUR STATEMENTS
### (*LABOR CODE* §§ 226 AND 226.3)
### BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

70.    CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

71.    Defendants failed to provide Plaintiffs with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate.

72.    Defendants are liable for statutory penalties and civil penalties pursuant to *Labor Code* §§ 226, 226.3, and 558 and the other applicable laws and regulations.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

### THIRD CAUSE OF ACTION
### FOR FAILURE TO MAINTAIN ACCURATE PAYROLL RECORDS
### (LABOR CODE §§ 226, 1174 AND 1174.5)
### BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE
### DEFENDANTS

73.    CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

74.    Defendants failed to maintain complete and accurate payroll records for Plaintiffs, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked by Plaintiffs at each hourly rate, and Defendants are therefore not able to furnish to the commission said documents and/or information.

75.    Defendants are liable for statutory and civil penalties pursuant to Labor Code §§ 1174.5, 558 and other applicable laws and regulations.

### FOURTH CAUSE OF ACTION
### FOR FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION
### (*LABOR CODE* § 226.7)
### BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE
### DEFENDANTS

76.    CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

77.    Plaintiffs regularly worked shifts greater than five (5) hours. Pursuant to *Labor Code* § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes.

78.    Plaintiffs also regularly worked shifts greater than ten (10) hours. Pursuant to *Labor Code* § 512, an employer may not employ someone for a shift of

-17-

more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

79.    Defendants failed to provide Plaintiffs with meal periods as required under the *Labor Code*. As discussed above, Plaintiffs were required to work through their alleged meal periods, without pay, all in violation of *Labor Code* and applicable Wage Orders. Moreover, Defendants failed to compensate Plaintiffs for each meal period not provided or inadequately provided, as required under *Labor Code* § 226.7.

80.    Therefore, pursuant to *Labor Code* § 226.7, Plaintiffs are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay, but not less than the applicable minimum wage, for each meal period not provided or deficiently provided, a sum to be proven at trial.

81.    Plaintiffs consistently worked consecutive four (4) hour shifts. Pursuant to the *Labor Code* and the applicable IWC Wage Order, Plaintiffs were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

82.    Defendants failed to provide Plaintiffs with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

83.    Moreover, Defendants did not compensate Plaintiffs with an additional hour of pay at their effective hourly rate, but not less than the applicable minimum wage, for each day that Defendants failed to provide adequate rest breaks as required under *Labor Code* § 226.7.

84.    Therefore, pursuant to *Labor Code* § 226.7, Plaintiffs are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay, but not less than the applicable minimum wage, for each day worked without the required rest breaks, a sum to be proven at trial.

85.    Per *Betancourt v. OS Restaurant Services*, Plaintiffs plead for reasonable attorneys' fees and costs recoverable under *Labor Code* §§ 218.5 and 226.

//

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

-18-

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

### FIFTH CAUSE OF ACTION
### FOR FAILURE TO PAY OVERTIME COMPENSATION
### (*LABOR CODE* §§ 510 AND 1194)
### BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

86.    CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

87.    Defendants routinely required Plaintiffs to work more than eight hours per day. Defendants also routinely required Plaintiff to work more than forty hours per week. Defendants failed and refused to pay Plaintiffs the overtime compensation required by the *Labor Code* and other applicable laws and regulations.

88.    Plaintiffs have been deprived of their rightfully earned and legally required overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiffs are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

89.    Based on Defendants' conduct as alleged herein, Defendants are liable for civil penalties pursuant to *Labor Code* § 558 and other applicable provisions of the *Labor Code* and other applicable laws and regulations.

### SIXTH CAUSE OF ACTION
### FOR FAILURE TO PAY WAGES IN A TIMELY MANNER
### (*LABOR CODE* §§ 204 ET SEQ. AND 206 ET SEQ.)
### BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

90.    CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

91.    During Plaintiffs' putative employment, Defendants routinely failed, without justification, and refused to provide Plaintiffs with timely wages or pay as required *Labor Code* § 204, *et seq.* and other applicable laws and regulations.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

92.    As a direct and proximate result of Defendants' failure and refusal to pay Plaintiffs timely, Plaintiffs are entitled to recover such amounts, plus interest thereon, attorney's fees and costs, including treble damages pursuant to *Labor Code* § 206, *et seq.*

93.    Based on Defendants' conduct as alleged herein, Defendants are liable for up to 30 days of pay for a waiting time penalty, statutory penalties, and civil penalties pursuant to the *Labor Code* and other applicable laws and regulations.

## SEVENTH CAUSE OF ACTION
## FOR WAITING TIME PENALTIES
## (*LABOR CODE* §§ 201 THROUGH 203)
## BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

94.    CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

95.    Defendants willfully failed to pay Plaintiffs accrued wages and other compensation due to them at the time of their respective pre-scheduled terminations or within seventy-two (72) hours of their respective resignations.

96.    Defendants are liable for statutory and civil waiting time penalties of up to 30 days of pay pursuant to *Labor Code* §§ 201, 202, 203 and other applicable laws and regulations.

## EIGHTH CAUSE OF ACTION
## FOR UNFAIR COMPETITION
## (BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)
## BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

97.    CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

98.    Plaintiff, on behalf of herself, the CLASS, and the general public, brings

-20-

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

this claim pursuant to *Business & Professions Code* § 17200, *et seq.* The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to the CLASS and the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of valid California law and specifically *Code of Civil Procedure* § 1021.5.

99.    Plaintiffs are a "person(s)" within the meaning of *Business & Professions Code* § 17204, have suffered injury, and therefore have standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

100.    *Business & Professions Code* § 17200, *et seq.* prohibits unlawful and unfair business practices.

101.    Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, and providing them with meal periods, rest breaks, timely pay both during and after the termination of their employment, and accurate and itemized wage statements are fundamental public policies of California. *Labor Code* § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

102.    Defendants violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants acted contrary to these public policies, violated specific provisions of the *Labor Code*, and have engaged in other unlawful and unfair business practices in violation of *Business & Professions Code* § 17200, *et seq.* Defendants' conduct in this regard has deprived Plaintiffs of the rights, benefits, and privileges guaranteed to all employees under the law.

103.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the *Business & Professions Code* § 17200, *et seq.*

**SECOND AMENDED COMPLAINT - CLASS ACTION**
*[Acosta v. NAS Insurance Services, LLC, et al.]*

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE. SUITE 200
PASADENA, CALIFORNIA 91105

104.    Defendants, by engaging in the conduct herein alleged either knew or in the exercise of reasonable care should have known that their conduct was unlawful, and as such this conduct violates *Business & Professions Code* § 17200, *et seq.*

105.    As a proximate result of the above-mentioned acts of Defendants, Plaintiffs have been damaged, in a sum to be proven at trial.

106.    Unless restrained by this Court, Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the *Business & Professions Code*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the *Business & Professions Code*, including but not limited to the disgorgement of such profits as may be necessary to restore Plaintiffs to the money Defendants have unlawfully failed to pay.

**NINTH CAUSE OF ACTION**
**RECOVERY FOR CIVIL PENALTIES UNDER THE LABOR CODE**
**PRIVATE ATTORNEY GENERAL ACT**
**(LABOR CODE §§ 2698, 2699 ET SEQ.)**
**BY ALL PLAINTIFFS AND AGGRIEVED EMPLOYEES AGAINST ALL**
**DEFENDANT AND ALL DOE DEFENDANTS**

107.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

108.    As alleged herein, Defendants have repeatedly committed several types of Labor Code violations against Plaintiff.

109.    Plaintiff, as an "aggrieved employee" within the meaning of California Labor Code Section 2699(c), acting on behalf of herself and the State of California's Labor and Workforce Development Agency, bring this action to recover the civil penalties provided for under the California Labor Code Private Attorney General Act of 2004 ("PAGA"), including, but not limited to, the penalties provided under California Labor Code Sections 210, 225.5, 226.3, 558, 1197.1, and 2699, subdivisions

(a) and (f), for the following knowing and intentional Labor Code violations:

    A. Failing and/or refusing to pay Plaintiffs all earned overtime compensation for work beyond 8 hours in a day and/or 40 hours in a week, in violation of California Labor Code Section 1197 and IWC and IWC Wage Order 15 (see Cal. Lab. Code §§ 558 & 2699(a));

    B. Failing and/or refusing to pay Plaintiffs the legally-mandated minimum wage for each hour worked beyond 8 hours in a day and/or 40 hours in a week, in violation of California Labor Code section 1197 and Wage Order 15, (see Cal. Lab. Code §§ 1197.1 & 2699(a));

    C. Failing and/or refusing to pay all wages earned by Plaintiffs within the time limits prescribed by California Labor Code section 204, (see Cal. Lab. Code §§ 210 & 2699(a));

    D. Failing and/or refusing to pay all wages earned by Plaintiffs within the time limits prescribed by California Labor Code section 204, (see Cal. Lab. Code §§ 558 & 2699(a));

    E. Unlawfully withholding accrued wages owed to Plaintiffs, in violation of California Labor Code section 216, (see Cal. Lab. Code §§ 225.5 & 2699(a));

    F. Failing and/or refusing to properly maintain records of, and furnish to Plaintiffs, accurate, itemized wage statements, in violation of California Labor Code section 226, (see Cal. Lab. Code §§ 226.3 & 2699(a));

    G. Willfully misclassifying Plaintiffs and other aggrieved employees as independent contractors in violation of California Labor Code section 226.8 (see Cal. Lab. Code § 226.9(a));

    H. Failing and/or refusing to indemnify and/or reimburse all necessary expenditures or losses incurred by Plaintiffs in direct consequence of

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE. SUITE 200
PASADENA, CALIFORNIA 91105

-23-

**SECOND AMENDED COMPLAINT - CLASS ACTION**
*[Acosta v. NAS Insurance Services, LLC, et al.]*

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE. SUITE 200
PASADENA, CALIFORNIA 91105

the discharge of their work-related duties, in violation of California Labor Code section 2802, (see Cal. Lab. Code §§ 2802 & 2699(a));

I.   Terminating Plaintiffs in violation of Labor Code section 1102.5; and

J.   Other violations of the Labor Code as may be disclosed in discovery.

110.   On October 31, 2025, a letter was sent by certified mail to Defendants and to the California Labor and Workforce Development Agency, (hereafter, "LWDA"), giving notice of Defendants' violations of the California Labor Code, and of Plaintiff's intent to bring a civil claim for civil penalties under PAGA. The LWDA did not respond to Plaintiff's letter within 65 days.

111.   Plaintiff was compelled to retain the services of counsel to file this court action to protect her interest, and to assess and collect the civil penalties owed by Defendants. Plaintiff has thereby incurred attorneys' fees and costs, which she is entitled to recover under Labor Code § 2699.

## TENTH CAUSE OF ACTION
## FOR FAILURE TO INDEMNIFY/REIMBURSE NECESSARY EXPENDITURES INCURRED DURING DISCHARGE OF WORK DUTIES
## LABOR CODE § 2802
## BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

112.   CLASS PLAINTIFFS incorporate by reference and reallege all of the preceding paragraphs above as though set forth fully herein, except those paragraphs that are inconsistent with this cause of action.

113.   Defendants regularly required Plaintiff to incur personal expenses in the course of her job duties. Defendants failed to compensate Plaintiff for these incurred expenses.

114.   Defendants failed to indemnify Plaintiff, as their employee, for all necessary expenditures or losses incurred by Plaintiff in direct consequence of the discharge of her work-related duties.

115.   As a proximate cause of Defendants' failure to indemnify or reimburse

Plaintiff, Plaintiff has been deprived of compensation for work related expenses arising from and in direct consequence of the discharge of her work duties and been damaged in an amount according to proof at the time of trial. Plaintiff is entitled to recover such amounts, plus interest thereon, attorney's fees and costs pursuant to Labor Code § 2802 et seq., plus statutory and civil penalties pursuant to the Labor Code and other applicable laws and regulations.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

**SECOND AMENDED COMPLAINT - CLASS ACTION**
*[Acosta v. NAS Insurance Services, LLC, et al.]*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs hereby pray that the Court enter judgment in their favor and against Defendants, and each of them, in the amount no less than $1,000,000.00, as follows:

1.     For payment of earned wages, meal and rest period compensation, waiting time compensation, and other damages according to proof in an amount to be ascertained at trial, and in excess of the jurisdictional limit of this court; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.     For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts;

3.     For payment of all statutory obligations and penalties as required by law;

4.     For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

5.     For a declaratory judgment reaffirming Plaintiffs' equal standing under the law and condemning Defendants' discriminatory practices;

6.     For "civil penalties" to the extent permitted by law and Labor Code §§ 2698 and Section 2699 et seq.;

7.     For costs of suit, attorneys' fees, and expert witness fees;

8.     For post-judgment interest; and

9.     For any other relief that is just and proper.

DATED:  February 24, 2026          **EMPLOYEES FIRST LABOR LAW**

By: _____

Jonathan P. LaCour, Esq.
Attorneys for Plaintiff,
Jacqueline Acosta,
Aggrieved Employees, and putative
class members

**SECOND AMENDED COMPLAINT - CLASS ACTION**
*[Acosta v. NAS Insurance Services, LLC, et al.]*

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

## **JURY TRIAL DEMANDED**

Plaintiffs demands trial of all issues by jury.

DATED:  February 24, 2026

**EMPLOYEES FIRST LABOR LAW**

By: _____

Jonathan P. LaCour, Esq.
Attorneys for Plaintiff,
Jacqueline Acosta,
Aggrieved Employees, and putative
class members

**EMPLOYEES FIRST LABOR LAW**
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

-27-

**SECOND AMENDED COMPLAINT - CLASS ACTION**
*[Acosta v. NAS Insurance Services, LLC, et al.]*